UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>MARÍA DEL CARMEN LUGO SANTIAGO, LUZ N. LUGO SANTIAGO, ANTONIA LUGO SANTIAGO, EDWIN LUGO SANTIAGO, OLGA LUGO SANTIAGO, GLADYS LUGO SANTIAGO, as known members of the Estate of JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ and the Estate of SANTA SANTIAGO PANETO a/k/a SANTA SANTIAGO; JOHN DOE and RICHARD ROE as unknown members of the Estate of JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ, the Estate of SANTA SANTIAGO PANETO a/k/a SANTA SANTIAGO, the Estate of MARÍA DE LOURDES LUGO SANTIAGO and the Estate of JUAN C. LUGO SANTIAGO<br><br>Defendants | CIVIL NO.<br><br><br>Foreclosure of Mortgage |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America –acting as the United States Department of Agriculture– through the undersigned attorney, who respectfully alleges and prays as follows:

1.  Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.   Plaintiff, United States of America, is acting through the
     United States Department of Agriculture, which is organized and
     existing under the provisions of the Consolidated Farm and Farm
     Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the
     owner and holder of a promissory note that affects the
     properties described further below.

3.   Said promissory note is for the amount of **$23,000.00,** with 5.00%
     annual interest, subscribed on October 31, 1975 by JUAN RAMÓN
     LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ and SANTA SANTIAGO
     PANETO a/k/a SANTA SANTIAGO. *See Exhibits 1 and 1-A.*

4.   For the purpose of securing the payment of said promissory note,
     JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ and SANTA
     SANTIAGO PANETO a/k/a SANTA SANTIAGO executed a voluntary
     mortgage on the same date, in favor of the plaintiff, under the
     terms and conditions stipulated and agreed therein, through
     Deed No. 267 subscribed before Notary Public Samuel R. Puig
     Magaz. This mortgage is duly recorded at page 53 of volume 50
     of Jayuya, property number 1,907, 6th inscription, Property
     Registry of Utuado and at overleaf of page 248 of volume 48 of
     Jayuya, property number 1,877, 6th inscription, Property
     Registry of Utuado. *See Exhibits 2, 2-A, 3 and 4.*

5.   On April 17, 1991, the promissory note in the amount of
     $23,000.00 was modified, under the terms and conditions
     stipulated and agreed therein, through Deed No. 57 subscribed

before Notary Public Rubén Hernández Rosario. This deed is duly

recorded at page 97 of volume 81 of Jayuya, property number

1,907, 10th inscription, Property Registry of Utuado and at

overleaf of page 91 of volume 81 of Jayuya, property number

1,877, 9th inscription, Property Registry of Utuado. See

Exhibits 3,4,5 and 5-A.

6. According to the Property Registry, JUAN RAMÓN LUGO RODRÍGUEZ

a/k/a JUAN R. LUGO RODRÍGUEZ and SANTA SANTIAGO PANETO a/k/a

SANTA SANTIAGO appear as owners of record of the real estate

properties subject of this case. Said properties are described

-as they were recorded in Spanish- as follows:

RÚSTICA: Situada en el barrio Mameyes Arriba, del término
municipal de Jayuya, Puerto Rico, compuesta de doce
cuerdas con setenticinco céntimos de otra, equivalentes a
cinco hectáreas, una área, doce centiáreas y sesenta
miliáreas, en lindes: por el NORTE, con Miguel Medina
Torres; SUR, Cristóbal Torres Virella; ESTE, Sucesión
Joaquín Rodríguez; y OESTE, Manuel Rodríguez.

**PROPERTY NUMBER:** 1,907, recorded at page 49 of volume 50
of Jayuya, Registry of the Property of Puerto Rico, section
of Utuado.

RÚSTICA: Predio de terreno situado en el barrio Mameyes
del término municipal de Jayuya, Puerto Rico, compuesto de
tres cuerdas, equivalentes a una hectárea, diez y siete
áreas, noventa y una centiáreas y veinte miliáreas. En
lindes por el NORTE, con Cristóbal Torres Virella; SUR y
ESTE, Cristóbal Torres Virella y por el OESTE, Amadeo
Rosario.

De esta finca se han expropiado 0.00468 cuerdas; 0.164
cuerdas y 0.075 cuerdas, sin que se haya descrito su
remanente.

**PROPERTY NUMBER:** 1,877, recorded at page 245 of volume 48 of Jayuya, Registry of the Property of Puerto Rico, section of Utuado.

*See Title Searches attached as Exhibits 3 and 4.*

7.  From information and belief, JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ passed away.

8.  From information and belief, SANTA SANTIAGO PANETO a/k/a SANTA SANTIAGO passed away.

9.  From information and belief, JUAN C. LUGO SANTIAGO, son of JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ and SANTA SANTIAGO PANETO a/k/a SANTA SANTIAGO passed away.

10. From information and belief, MARÍA DE LOURDES LUGO SANTIAGO, daughter of JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ and SANTA SANTIAGO PANETO a/k/a SANTA SANTIAGO passed away.

11. From information and belief, the known members of the Estate of JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ and the Estate of SANTA SANTIAGO PANETO a/k/a SANTA SANTIAGO are the following individuals:

    (a)  MARÍA DEL CARMEN LUGO SANTIAGO (daughter)

    (b)  LUZ N. LUGO SANTIAGO (daughter)

    (c)  ANTONIA LUGO SANTIAGO (daughter)

    (d)  EDWIN LUGO SANTIAGO (son)

    (e)  OLGA LUGO SANTIAGO (daughter)

    (f)  GLADYS LUGO SANTIAGO (daughter)

4

(g)   MARÍA DE LOURDES LUGO SANTIAGO (deceased daughter)

(h)   JUAN C. LUGO SANTIAGO (deceased son)

12.   Codefendants are jointly and severally responsible for all amounts owed to plaintiff, arising from the loan obligations subscribed.

13.   JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estate of JUAN RAMÓN LUGO RODRÍGUEZ a/k/a JUAN R. LUGO RODRÍGUEZ, the Estate of SANTA SANTIAGO PANETO a/k/a SANTA SANTIAGO, the Estate of MARÍA DE LOURDES LUGO SANTIAGO and the Estate of JUAN C. LUGO SANTIAGO.

14.   According to P.R. Laws Ann., Article 959, (Sec. 2787), defendants have 30 days to either accept or reject their participation in the Estates to which they lawfully belong.

15.   It was expressly stipulated in the note evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said note, to declare due and payable the total amount of the indebtedness evidenced by said note and proceed with the execution and/or foreclosure of the mortgage.

16.   The defendants herein have failed to comply with terms of the mortgage contract by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, defendants owe to the plaintiff, according to the Certification of Indebtedness included herein

as *Exhibits 6*, the following amounts:

a) On the $23,000.00 Note, as modified:

1) The sum of $16,674.11, of principal;

2) The sum of $19,086.34 of interest accrued as of September 17, 2020 and thereafter until its full and total payment, which interest amount increases at the daily rate of $2.5125;

3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

17. The indebtedness evidenced by the aforementioned note is secured by the mortgages over the property described in this complaint.

18. A *Status Report Pursuant to Servicemembers Civil Relief Act,* regarding the codefendants, is not attached to this complaint since we were unable to obtain their social security numbers or their dates of birth.

## VERIFICATION

I, JACQUELINE LAZÚ LABOY, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as Acting Director of the Loan Resolution Task Force of the United States Department of Agriculture, San Juan, Puerto Rico, under the penalty of perjury, as

permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 14 day of April, 2020.


JACQUELINE LAZU LABOY


PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)   That defendant's party pays unto the United States the amounts claimed on this complaint;

b)   Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)   That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)   That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 16 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the properties of said defendants;

8

e)   That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)   That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g)   For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, this 24 day of September ,2020.

/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913
FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL.  787-751-5290
FAX. 787-751-6155
EMAIL: dcfilings@fortuno-law.com

1521.281